UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

CIVIL ACTION NO. 05-179-JBC

CLIFFORD D. GOOKIN, et al.,                                              PLAINTIFFS,

V.              MEMORANDUM OPINION AND ORDER

ALTUS CAPITAL PARTNERS, INC., et al.                          DEFENDANTS.

\* \* \* \* \* \* \* \* \* \* \*

This matter is before the court on the defendants' motion for summary judgment, on the plaintiffs' motion to extend time to respond to the plaintiffs' motion for summary judgment until after discovery, and on the defendants' motion to unseal related pleadings. The court, having reviewed the record and being otherwise sufficiently advised, will deny the motion for summary judgment without prejudice to its later reassertion and will grant the plaintiffs' motion. Additionally, the court will grant the defendants' motion to unseal the pleadings.

I.      FACTUAL BACKGROUND:

The facts in this case are complex and disputed. However, this summary is presented in the light most favorable to the plaintiffs as they are the non-moving party. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157 (1970).

This litigation concerns the dissolution of a business relationship among Clifford Gookin, Russell Greenberg, Greg Greenberg, Elizabeth Burgess, and Alicia D'Anna. The quintet was to form a small business investment company ("SBIC"),

Altus.[1] An SBIC is a private, for-profit investment firm licensed by the Small Business Administration ("SBA") that provides capital to small- and medium-sized businesses. It acquires this capital from private investors and from the SBA in the form of leverage funds. Leverage funds are a significant source of funding, and are often available at interest rates lower than those charged by other lenders.

Before licensing an SBIC, the SBA investigates the proposed principals, including an investigation into the acts or practices related to their character and integrity. During the SBA's investigation, concerns were raised about Mr. Gookin's integrity and his suitability as a principal in an SBIC. Of particular concern to the SBA was a memorandum prepared by the FBI (the "FBI memo") revealing that Mr. Gookin had been investigated for fraud and opining that he was not trustworthy. Because of its concerns about Mr. Gookin, the SBA refused to allow Altus access to leverage funds pending a final determination about Mr. Gookin's suitability as a principal. Although the SBA had yet to reach a final decision, Altus terminated Mr. Gookin. Subsequently, Mr. Gookin initiated this action to recover damages resulting from the allegedly wrongful termination.

## II.   THE MOTION FOR SUMMARY JUDGMENT

The defendants argue that they are entitled to summary judgment for three reasons. First, they argue that Mr. Gookin made material misrepresentations both affirmatively and by omission. These omissions made his contract with Altus

---

[1] The operation actually involves multiple entities. However, for the purposes of these motions, it is sufficient to refer to the entire operation as "Altus."

2

voidable. Second, they argue that because Mr. Gookin was unable to participate as a principal in the SBIC, the purpose of employment was frustrated. Finally, they argue that Mr. Gookin was terminated for cause. In response, the plaintiffs argue that there are genuine issues of material fact as to these defenses. However, as there has not been adequate opportunity for discovery, they cannot appropriately respond to the defendants' motion.

After time for adequate discovery, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A court may deny a motion for summary judgment as premature where the nonmoving party has not had an opportunity to conduct discovery. *Summers v. Leis*, 368 F.3d 881, 887 (6th Cir. 2004)*; Ball v. Union Carbide Corp.*, 385 F.3d 713, 719-20 (6th Cir. 2004). *See also* Fed. R. Civ. P. 56(f). The denial of a motion for summary judgment on this ground requires that a party file an affidavit setting forth the need for discovery and what the party hopes to uncover during the discovery process. *Ball*, 385 F.3d at 720; Fed. R. Civ. P. 56(f).

The plaintiffs have not had sufficient opportunity to conduct discovery in this case. However, in their Rule 56(f) affidavit they claim that discovery will reveal facts that will defeat the defendants' motion for summary judgment. After reviewing the motion and the supporting affidavit, the court agrees that the

3

defendants' motion is premature.

### III. THE MOTION TO UNSEAL

Pursuant to an agreed protective order entered by the Jessamine Circuit Court requiring that confidential documents be filed under seal, pleadings related to the motion for summary judgment, including the deposition of Arthur Spivey[2], were filed under seal. A central focus of the pleadings and the deposition is the FBI memo, a document in which Mr. Gookin claims a privacy interest. The defendants have moved to lift this seal, arguing that these matters are not confidential and should be open to the public.

There is a presumptive right of public access to court records. *E.g., In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 473 (6th Cir. 1983); *Brown & Williamson Tobacco Corp. v. Federal Trade Comm'n*, 710 F.2d 1165, 1177 (6th Cir. 1983). However, the right of access is not absolute: the court may limit public access to particular items of information to protect "certain privacy rights of participants and third parties, trade secrets and national security." *Brown & Williamson*, 710 F.2d at 1179. Only the most compelling reasons can justify the non-disclosure of judicial records. Simple embarrassment or harm to one's reputation are insufficient to preclude the release of information. *Id*.

In determining whether to unseal a record, the court weighs a variety of

---

[2] Mr. Spivey was an SBIC Program Development Officer deposed in connection with this case. Among other things, he reviewed information submitted by the principals in advance of the background check, and he cited the FBI memo in his deposition.

4

factors including the right of the public to have access to information used in the deliberative process; whether the matter involves public parties or issues of legitimate public concern; and the legitimate privacy concerns of the parties. *E.g., Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 787 (3d Cir. 1994). Mr. Gookin argues that he has a privacy interest in limiting access to the FBI memo. *See* 28 C.F.R. §20.1 (limiting the dissemination of criminal history record information); *Utz v. Cullinane*, 520 F.2d 467, 479-482 (D.C. Cir. 1975) (recognizing that criminal history information may limit future employment opportunities).

The court recognizes that the information in the FBI memo is sensitive. However, by filing suit in federal court where the memo is relevant to the defense of the suit, Mr. Gookin, as a plaintiff, significantly reduced his expectation of privacy. *Cf. Knoxville News-Sentinel*, 723 F.2d at 476 (documents sealed to protect financial information of third parties not involved in litigation). *See also* 28 C.F.R. §20.33 (permitting the dissemination of criminal history information in connection with certain professional licensing). Additionally, as SBIC's are heavily regulated entities, there is a strong presumption in favor of public access. *See Brown & Williamson*, 710 F.2d at 1180 (public interest in litigation involving regulated industries). Accordingly,

**IT IS ORDERED** that the defendants' motion for summary judgment (DE 33) is **DENIED WITHOUT PREJUDICE** to its later reassertion.

**IT IS FURTHER ORDERED** that the plaintiffs' motion to defer a response to a dispositive motion until after discovery is complete is (DE 35) is **GRANTED**.

**IT IS FURTHER ORDERED** that the defendants' motion to unseal the Spivey deposition and the summary judgment pleadings (DE 42) is **GRANTED**. The pleadings at docket numbers 33, 34, 35, and 38 are **UNSEALED**.

Signed on March 23, 2006

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY